IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL T. KNIGHT,

    Petitioner,

v.                                                           CASE NO. 1:07-cv-62-MP-AK

JAMES MCDONOUGH and
FLORIDA DEPARTMENT OF
CORRECTIONS,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 15, Respondents' motion to dismiss the petition for writ of habeas corpus as untimely, and Doc. 22, Petitioner's amended motion to find petition as timely. The motions are in a posture for decision. Having carefully considered the matter, the Court recommends that the motion to dismiss be denied, that the motion to find petition timely be granted, and that Respondents be directed to file a response to the petition.

## BACKGROUND

On May 12, 1999, Petitioner was found guilty by a jury of armed robbery and sentenced to life imprisonment as a prison releasee reoffender in Cause No. 1998-CF-3322, Circuit Court of Alachua County, Florida. Doc. 15, Ex. G. On July 8, 1999, Petitioner pled *nolo contendere* to robbery and was sentenced to 15 years imprisonment as a prison releasee reoffender in Cause

No. 1998-CF-3321, Circuit Court of Alachua County, Florida.  Doc. 15, Ex. E.

Petitioner directly appealed in No. 3322, and on March 27, 2000, the court affirmed the life sentence, finding that the Prison Releasee Reoffender Act "requires a life sentence for robbery with a firearm...." *Knight v. State*, 791 So.2d 490, 490 (Fla. Dist. Ct. App. 2000).  It nevertheless certified the case to the Florida Supreme Court regarding whether the PRRA violated the separation of powers clause of the Florida Constitution.  *Id*.  On August 22, 2000, the court granted Petitioner's motion for rehearing and certification, adding a second certified question, whether the PRRA applies both to life felonies and to first degree felonies punishable by imprisonment for a term of years not exceeding life.  *Id*.

On January 24, 2002, the Florida Supreme Court found that the first question was "no longer at issue" since it had subsequently held that the PRRA does not violate the separation of powers clause of the Florida Constitution.  *Knight v. State*, 808 So.2d 210, 212 n.3 (Fla. 2002).  As to the second question, if found that the PRRA "provides for a mandatory life sentence for prison releasee reoffenders who commit either life felonies or first-degree felonies punishable by life."  *Id*. at 213-14.  It therefore approved the decision of the court of appeal and answered the certified question in the affirmative.  *Id*. at 214.

Petitioner did not appeal his sentence in No. 3321.

**DISCUSSION**

Section 2254 petitions are subject to a one-year statute of limitations.  28 U.S.C. § 2244(d)(1).  This limitations period runs from the latest of the following:  the date on which the

state court judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). A "properly filed" motion for post-conviction relief in state court will toll the running of the statute of limitation while the motion is pending. § 2244(d)(2).

The Court begins with Petitioner's conviction in Cause No. 3321. Because Petitioner did not appeal his sentence in that case, that conviction became final on August 8, 1999, when the time to appeal expired, *see* Fla. R. App. P. 9.110(b), and thus, the one-year statute of limitations began running at that time. Petitioner therefore had until August 8, 2000, to seek habeas review in Cause No. 3321 in this Court. At no time during that one-year period did Petitioner seek post-conviction relief in state court so as to toll the running of the statute of limitations, and thus, by the time the instant petition was filed on April 13, 2007, the time for seeking relief here on that particular conviction had expired by approximately six and one-half years, and nothing Petitioner did in state court after the expiration of the statute of limitations serves to revive the time for filing here. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

Petitioner's July 22, 2004, motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800 does not alter this result. Doc. 15, Ex. F. In that motion, Petitioner challenged his

sentences in both cases under *Blakely*. *Id*. Following its decision in *Blakely v. Washington*, which involved the constitutionality of state sentencing guidelines, the United States Supreme Court determined that *Blakely* applies to the Federal Sentencing Guidelines as well. *United States v. Booker*, ____ U.S. ____, 124 S.Ct. 2519, 159 L.Ed. 2d 442 (2004). However, the Eleventh Circuit has recently determined that *Booker* is not retroactively applicable to cases on collateral review, as "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005). This holding is equally applicable to a *Blakely* claim. Because Blakely has not been held retroactively applicable to cases on collateral review, Petitioner is not entitled to a later date to begin the running of the statute of limitations.

Furthermore, though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, a review of the documents reveals nothing to support equitable tolling. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000). Thus, to the extent that Petitioner seeks habeas relief on his conviction and sentence in Cause No. 3321, the petition is time barred.

The Court now turns to Petitioner's conviction in Cause No. 3322. The conviction in that case became final 90 days after the issuance of the opinion from the Florida Supreme Court, or

April 24, 2002, and the one-year statute of limitations began to run at that time. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002).

On August 13, 2002, Petitioner filed a Rule 3.850 motion for post conviction relief in state court. Doc. 15, Ex. T. By that date, one hundred eleven days had passed. On November 6, 2003, almost 15 months after Petitioner filed his motion, the court found that the motion was "facially insufficient" because it was not sworn under oath as required by state law. Doc. 15, Ex. U. It therefore dismissed the petition without prejudice to Petitioner's "right to file a motion that comports with all applicable requirements of law." *Id.* Petitioner immediately corrected the deficiency. Doc. 15, Ex. M. On April 12, 2005, the court denied post-conviction relief in part and ordered an evidentiary hearing on one issue. Doc. 15, Ex. O. Following the evidentiary hearing, the court denied the remaining claim, *id.*, and Petitioner appealed. The court of appeal affirmed without written opinion with the mandate issuing on August 17, 2006. *Knight v. State*, 935 So.2d 504 (Fla. Dist. Ct. App. 2006); *see also* Doc. 15, Ex. P.[1]

At first blush, it would appear that the August 13, 2002, post-conviction motion was not

---

[1] On the face of the original motion for post-conviction relief, Petitioner identified only Cause No. 3322 as the case upon which he sought relief. In the first order dismissing the motion as facially insufficient, the court likewise identified only Cause No. 3322 as being at issue, and when Petitioner re-filed the motion for post-conviction relief, he again only identified Cause No. 3322. However, at some point, certainly by the time the court issued its orders denying relief, both case numbers, 3321 and 3322, began appearing on the documents. The notice of appeal likewise lists both case numbers, Doc. 15, Ex. P, and the cases were consolidated for appeal. *Id.* The mandate identified the lower case number as 3321. *Id.*

The Court believes that the references to Cause No. 3321 were probably made in error, but in any event, the analysis of the timeliness of claims related to 3321 does not change since the August 13, 2002, motion for post-conviction relief was not filed until two years after the statute of limitations had run with regard to Cause No. 3321.

"properly filed," since it did not comply with the applicable rules governing the form of the document. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Indeed, the Eleventh Circuit has specifically found that the filing of an unsworn post-conviction motion does not toll the running of the statute of limitations because it "is not properly filed according to the state court's application of the written oath requirement...." *Hurley v. Moore*, 233 F.3d 1295, 1298 (11th Cir. 2000). In *Hurley*, the petitioner did not immediately correct the oath omission but instead sought rehearing and then appealed the court's ruling before eventually filing a properly sworn post-conviction relief motion some months later. *Id*. at 1297.

*Hurley* did not, however, consider the question of whether the petitioner's amendment to the original motion for post-conviction relief related back to the original filing so as to trigger the tolling provisions of § 2244. Since *Hurley*, the Florida Supreme Court has held that when a lower court strikes a motion for post-conviction relief because it fails to comply with statutory filing requirements, it must also grant the petitioner a reasonable amount of time to amend to correct the deficiencies, and that an amended motion which is a "copy of the original with the oath added at the end" relates back to the original filing. *Bryant v. State*, 901 So2d 810, 818-19 (Fla. 2005). *See also Mederos v. United States*, 218 F.3d 1252, 1253-54 (11th Cir. 2000) (district court erred by not finding that second § 2255 motion related back to date of original § 2255 motion where second motion was identical to first except for addition of signature under penalty of perjury). Here, Petitioner's second motion for post-conviction relief was filed within eleven days of the date of the order dismissing the first motion as facially deficient and is in all respects

identical to the first motion except for the addition of the "un-notarized oath."  Thus, because the second motion is deemed filed on the date of the original motion, Petitioner is entitled to tolling from the date of the original motion, August 13, 2002.  *See also Patrick v. McDonough*, 2007 WL 3231740 (N.D. Fla. Oct. 29, 2007).

Even if the Court were to find that the August 13, 2002, motion was not "properly filed" and thus, did not toll the running of the statute of limitations, it believes that equitable tolling would apply.  In the civil context, "Equitable tolling may be justified where the plaintiff actively pursued judicial remedies by filing a defective pleading within the statutory period, or where the plaintiff has been misled by the court into believing that a filing was effective." *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1161 (11th Cir. 1993).  In the realm of prisoner litigation, the Eleventh Circuit has recognized, "When outside forces, such as the courts themselves, act independently of the petitioner to prevent him from timely filing a petition for habeas corpus, then, provided the petitioner has exercised diligence, the district court may properly apply the doctrine of equitable tolling." *Thompson v. Smith*, 173 Fed. Appx. 729, 733 (11th Cir. 2006).  There can be no dispute that originally, Petitioner timely filed his motion for post-conviction relief in state court in accordance with the time limitations of Rule 3.850.  Then, on or about January 24, 2003, he made a notice of inquiry to the court, and while this Court does not know the contents of that inquiry or whether the court responded to the notice, it does show that Petitioner was in contact with the court within five months of the motion being filed.  Doc. 22, Attach.  Four months later, on or about May 27, 2003, the court entered an order directing the

state to file a written response to the motion. *Id*. Again, the Court does not have a copy of that order, but any order from a court directing the opposing party to file a response indicates to a *pro se* prisoner that someone in the court has reviewed the document and found sufficient grounds for directing a response. In fact, the rules governing post-conviction relief in state court anticipate that when the motion is facially insufficient, it will be dismissed without requiring a response from the State. Fla. R. Crim. P. 3.850(d). Thus, when the court ordered the State to answer, Petitioner had no reason to suspect that his motion was facially insufficient, since, under the plain language of the rules, the state court does not order the State to answer "[u]nless the motion, files, and records of the case conclusively show that the movant is entitled to no relief...." *Id*. While this Court cannot determine exactly the basis for the court's finding that the oath was lacking,[2] it was, at worst, a technical deficiency which should have been easily discoverable by a cursory review of the pleading at an early stage of the proceedings. Even after the Court directed the State to respond to the motion, it apparently did not readily discover the defective nature of the pleading, given that it immediately moved for additional time to respond. Doc. 22, Attach. The court did not act on the request for additional time until approximately six weeks later. *Id*. Almost three months after that, the court sent a notice of some sort to Petitioner, and three days later, the State moved to dismiss, which was granted shortly thereafter.

---

[2] It is almost verbatim to the sample oath in Fla. R. Crim. P. 3.987 and though the oath appeared at the end of the certificate of service, it plainly indicates that it encompasses the truth and correctness of both the motion for leave to proceed *in forma pauperis* and the Rule 3.850 motion.

*Case No: 1:07-cv-62-MP-AK*

*Id*.  By that time, it had taken 15 months to conclude that the motion suffered from a technical defect which was readily curable.

This Court realizes that the state court and the attorneys who represent the State are overburdened.  However, as noted in *Thompson*, a "state court's shortcomings" are "'certainly beyond [the petitioner's] control....'" *Thompson*, 173 Fed. Appx. at 733 (quoting *Knight v. Schofield*, 292 F.3d 709 (11th Cir. 2002)).  Furthermore, during the months between the court's order for the State to respond and its order of dismissal, Petitioner had no reason to inquire as to the status of his case since he was justified in believing that his post-conviction motion was not defective and that it was wending its way towards resolution.

In short, the Court believes that it is patently unfair to allow Respondents to gain a statute of limitations benefit from the state court's failure promptly to recognize an easily correctable technical deficiency in the post-conviction motion.  While equitable tolling would in all likelihood not apply if Petitioner were an attorney, *see Helton v. Secretary for Department of Corrections*, 259 F.3d 1310 (11th Cir. 2001) (attorney's miscalculation or misinterpretation does not constitute extraordinary circumstances), the fact remains that Petitioner is not an attorney, and while the state court certainly did not actively or intentionally mislead Petitioner, its actions in seeking a response from the State would have led any reasonable prisoner to believe that his pleading was effective, and not defective.

As previously noted, 111 days of the one-year time period passed before Petitioner filed the August 13 motion.  For the reasons just explained, the time was then tolled from August 13,

2002, through August 17, 2006, when the mandate affirming the denial of post-conviction was issued. It began running again on August 18 and continued until April 13, 2007, when the instant petition was filed, with 239 days elapsing during that time period. When the untolled time is added together, 350 days of the 365-day statute of limitations expired before the petition was filed here, and thus, with only 15 days to spare, the instant petition was timely filed.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED:**

That the motion to dismiss, Doc. 15, be **DENIED**;

That the amended motion to find petition timely, Doc. 22, be **GRANTED**;

That Respondents be directed to file a response to the habeas petition within 30 days of the date of the order adopting the Report and Recommendation; and

That this cause be **REMANDED TO THE UNDERSIGNED FOR FURTHER PROCEEDINGS**.

**IN CHAMBERS** at Gainesville, Florida, this  *17th*  day of January, 2008.

*s/ A. KORNBLUM*
ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**